UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAKE BIELEFELDT, et al.,

                    Plaintiffs,

      -v-

GRO INTELLIGENCE, INC.,

                    Defendant.

24-CV-2472 (JGK) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

        This matter is before me for an inquest on damages. (ECF 41, Order of Ref.) On December 12, 2025, Plaintiffs filed their Proposed Findings of Fact and Conclusions of Law (ECF 60); Declaration of Jack A Raisner (ECF 44); Declaration Simon Firestone ("Firestone Decl."), (ECF 44-1); and Declaration of Jake Bielefeldt ("Bielefeldt Decl."), (ECF 44-2). I have reviewed Plaintiff's submission and determined that they do not contain all of the information necessary to support Plaintiffs' claimed damages.

**Deficiencies in Plaintiff's Submissions**

        **Lost Benefits.** Plaintiffs have not explained the nature of the lost benefits for which they are seeking damages (other than a request for unpaid accrued paid time off (PTO)); nor do they explain their basis for valuing those lost benefits at 25% of their unpaid wages.

        Plaintiffs' counsel appears to have mixed up which Plaintiff may claim unpaid PTO damages, seeking $6,896.20 for unpaid PTO for Plaintiff Firestone. Plaintiff Firestone's wage statement dated February 9, 2024 does not mention any accrued vacation days. (*See* ECF 37-7, Statement of Damages; ECF 44-1, Firestone Decl. Ex. C.) However, Plaintiff Bielefeldt's paycheck

shows that he has $6,980.82 of accrued PTO as of November 3, 2023. Plaintiff Bielefeldt has not

requested damages for accrued PTO. (*See* ECF 44-2, Bielefeldt Decl.)

### Order To Supplement

Plaintiffs have failed to substantiate all of their claimed damages to a reasonable

certainty. In the interest of justice, I will afford Plaintiffs another opportunity to explain their

proposed damages calculations. Accordingly, is it ORDERED that, by **October 10, 2025**, Plaintiffs

shall make a supplemental submission in further support of their claimed damages that:

1. Identifies the types of lost benefits for which they are seeking damages and explain
   their basis for valuing those lost benefits at 25% of their unpaid wages.

2. Clarifies which Plaintiff is seeking accrued PTO and to identify any supporting
   documents.

DATED: October 6, 2025
        New York, New York

So Ordered.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**